United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60521
Summary Calendar

_____

AKBAR NOOR-MOHAMMAD KADIVAL,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 567 265
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Akbar Noor-Mohammad Kadival has petitioned for review of the
decision of the Board of Immigration Appeals ("BIA") adopting and
affirming the decision of the Immigration Judge denying his
application for withholding of removal and for relief under the
Convention Against Torture ("CAT").

    This court generally reviews only the BIA's decision, not
that of the IJ, except to the extent that the IJ's decision
influences the BIA.  Mikhael v. INS, 115 F.3d 299, 302 (5th Cir.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997).  Because the BIA summarily affirmed the IJ's decision, however, the IJ's decision is the final agency determination for judicial review.  See id.; Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003) (BIA's summary affirmance procedure does not deprive court of basis for judicial review).

The determination that Kadival is not eligible for withholding of removal is a factual finding reviewed under the substantial-evidence standard.  Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002).  The substantial-evidence standard requires only that the BIA's conclusion be based on the evidence presented and be substantially reasonable.  Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).  This court must defer to the BIA's decision unless the evidence compels a contrary conclusion. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

"To be eligible for withholding of removal, an applicant must demonstrate a 'clear probability' of persecution upon return."  Roy v. Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." Id.  To establish "persecution," the alien must show that he will suffer harm to punish him for possessing a belief or characteristic a persecutor seeks to overcome.  Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).  The alien must present

specific facts demonstrating a reason to fear that he will be singled out for persecution because of his race, religion, nationality, membership in a particular social group, or political opinion.  Id.

Kadival, a Muslim, contends that he will be subject to persecution by the Shiv Sena, a Hindu group, if he returns to India.  Kadival does not address directly the IJ's determinations with regard to his credibility and his ability to avoid religious violence by relocating.  See 8 C.F.R. § 208.16(b).  Instead, he argues that the record shows that conditions for Muslims generally have deteriorated further.

The IJ's determinations, that Kadival had not shown a clear probability of persecution on his return to India and that it was reasonable for Kadival to avoid persecution by relocating within India, were supported by substantial evidence.  See Roy, 389 F.3d at 138.  Kadival has not shown that the record compels a contrary conclusion.  See Faddoul, 37 F.3d at 188.

To warrant the grant of a petition for review regarding a CAT claim, the record must compel a finding that Kadival met his burden to show that it was more likely than not that he would be tortured if returned to India.  See Bah v. Ashcroft, 341 F.3d 348, 352 (5th Cir. 2003).

Although Kadival insists that the Shiv Sena has ties to the government and there is some support for this contention in the record, he does not present any argument with regard to the IJ's

determination that he could reasonably relocate within India to avoid the Shiv Sena. The IJ's determination that Kadival is not entitled to relief under the CAT is supported by substantial evidence and Kadival has not shown that the record compels a contrary conclusion. See Bah, 341 F.3d at 352.

Kadival contends that the proceedings were terminated because Notice to Appear bore an incorrect date. Because the issue was not briefed, it is waived. See Communication Workers of America v. Ector County Hosp. Dist., 392 F.3d 733, 748 (5th Cir. 2004).

The petition for review of the BIA's decision is DENIED.